IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

NICKIA LIGGINS, \*

　　Plaintiff, \*

　　v. \*　　CIVIL NO.: WDQ-13-2051

GREGORY SMITH, \*

　　Defendant. \*

\*　\*　\*　\*　\*　\*　\*　\*　\*　\*　\*　\*　\*

MEMORANDUM OPINION

Nickia Liggins, *pro se*, sued Gregory Smith, a Census Bureau employee, in the District Court for Anne Arundel County for a peace order to prevent him from contacting her or visiting her home. ECF No. 2. The United States removed to this Court. ECF No. 1. Pending is the United States's unopposed motion to substitute parties and dismiss for lack of subject matter jurisdiction. ECF No. 16. For the following reasons, the motion will be granted.

I.　Background[1]

Smith, a field representative for the Census Bureau of the United States Department of Commerce, contacted Liggins multiple

---

[1] "Motions to dismiss for failure to exhaust administrative remedies are governed by Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction." *Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003) *aff'd*, 85 F. App'x 960 (4th Cir. 2004). For such motions, the court may look "beyond the pleadings" to the submitted evidence to determine if jurisdiction exists. *Id.*

times by phone and in-person at her home to obtain her participation in the Census Bureau's Current Population Survey ("CPS"). *See* ECF Nos. 2 at 1, 16 at 1, 3-4. Although Liggins told Smith that she did not want to participate, he persisted in attempting to convince her to complete the CPS questionnaire. *See* ECF Nos. 2 at 1, 16 at 3. Liggins felt harassed and "mental[ly] stress[ed]" by Smith's persistence. *See* ECF No. 2 at 1-2.

On June 24, 2013, in the District Court of Maryland for Anne Arundel County, Liggins sued for a peace order against Smith. ECF No. 2. Liggins requested that the Court order Smith not to harass or stalk her or trespass on her property, not to contact her, and not to go to her residence. *Id.* at 1. The same day, the District Court issued a temporary peace order and scheduled a final peace order hearing for July 1, 2013. ECF No. 2-1. On July 1, 2013, the District Court rescheduled the hearing for July 17, 2013, and extended the temporary order until the new hearing date. *Id.* On July 16, 2013, the United States removed to this Court. ECF No. 3. On August 14, 2013, the U.S. Attorney for the District of Maryland certified that Smith was acting in the scope of his employment when contacting Liggins and visiting her home. ECF No. 16-8 at 2. On September 20, 2013, the United States moved to substitute itself for Smith

and to dismiss for lack of subject matter jurisdiction.  ECF No. 16.  Liggins has not responded.[2]

II. Analysis

A. Motion to Substitute

Liggins seeks relief because Smith allegedly harassed and stalked her and trespassed on her property.  ECF No. 2 at 1. The United States asserts that it should be substituted as the defendant for Smith, who is immune to suit.  ECF No. 16-1 at 9.

The Federal Torts Claim Act ("FTCA") "immunizes a federal employee from liability for his 'negligent or wrongful act[s] or omission[s] . . . while acting within the scope of his office or employment.'"  *Maron v. United States*, 126 F.3d 317, 321-22 (4th Cir. 1997) (quoting 28 U.S.C. § 2679(b)(1)).  When a federal employee is sued, the Attorney General may certify that the defendant was acting within the scope of his federal office or employment.  *Id.* (*citing* § 2679(d)(1)).[3]  Upon this certification, "the employee is dismissed from the action, . . . the United States is substituted as defendant in place of the

---

[2] On September 20, 2013, Liggins was mailed a "Rule 12/56 Letter" notifying her of the motion and explaining that, if she did not "file a timely written response, the Court may dismiss the case or enter judgment against [her] without further notice."  ECF No. 17.  The notice was sent to the address listed on her petition to the state district court and was returned as undeliverable.  ECF No. 19.

[3] Under 28 C.F.R. § 15.4(a) the U.S. Attorney for the District where the suit is brought is authorized to make the certification.

employee," and the state court suit is removed to federal court. *See Osborn v. Haley*, 549 U.S. 225, 230 (2007); *Maron*, 126 F.3d at 321.

On August 14, 2013, the U.S. Attorney for the District of Maryland certified that Smith was acting in the scope of his federal employment. ECF No. 16-8 at 2. As Liggins has not challenged the certification, it is conclusive. *See Gutierrez de Martinez v. Drug Enforcement Admin.*, 111 F.3d 1148, 1155 (4th Cir. 1997). Accordingly, the United States will be substituted for Smith as defendant. *See* § 2679(d)(1); *Osborn*, 549 U.S. at 230.

B. Motion to Dismiss

Under Federal Rules of Civil Procedure 12(b)(1) and 12(h), the Court must dismiss an action if it discovers it lacks subject matter jurisdiction. The plaintiff has the burden of proving the Court has jurisdiction, and the Court must make all reasonable inferences in the plaintiff's favor. *Khoury*, 268 F. Supp. 2d at 606. The Court may examine evidence "beyond the pleadings" to decide whether it has subject matter jurisdiction, without converting the proceeding to one for summary judgment, but it must presume that the factual allegations in the complaint are true. *See id.*; *Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999).

The United States asserts that Liggins's petition should be dismissed for lack of subject matter jurisdiction, "because she has failed to exhaust her administrative remedies prior to filing suit in court." See ECF No. 16-1 at 13.

The FTCA creates a "limited waiver of the United States's sovereign immunity by authorizing damages actions for injuries caused by the tortious conduct of federal employees acting within the scope of their employment." Suter v. United States, 441 F.3d 306, 310 (4th Cir. 2006). In such cases, the United States is liable "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674; see Suter, 441 F.3d at 310.

The plaintiff bears the burden of demonstrating the waiver of sovereign immunity under the FTCA including the inapplicability of any exceptions. See Welch v. United States, 409 F.3d 646, 651 (4th Cir. 2005). Additionally, before filing suit under the FTCA, a plaintiff must exhaust administrative remedies by presenting her claim "in writing to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b); see also McNeil v. United States, 508 U.S. 106, 113, 113 S. Ct. 1980, 1984, 124 L. Ed. 2d 21 (1993). If the plaintiff fails to exhaust, her claim must be dismissed for lack of subject matter jurisdiction. See Perkins v. United

*States*, 55 F.3d 910, 917 (4th Cir. 1995) (*citing McNeil*, 508 U.S. at 113, 113 S. Ct. at 1984).

There is no indication in Liggins's state district court filing that she complied with the FTCA's exhaustion requirements before petitioning that court for relief against Smith. ECF No. 2 at 1. The United States has submitted a declaration from a Census Bureau employee, who "certifi[es] that there is no record of any tort claim having been filed by Nickia Liggins relating to Gregory Smith." *See* ECF No. 16-9 at 1. Accordingly, because Liggins failed to exhaust her claim before filing suit, this Court lacks jurisdiction over her petition.[4] The motion to dismiss will be granted.

III. Conclusion

For the reasons stated above, the United States's motion to substitute parties and dismiss for lack of subject matter jurisdiction will be granted.

_5/5/14_  
Date

_/s/ William D. Quarles, Jr._  
William D. Quarles, Jr.  
United States District Judge

---

[4] The Court also lacks jurisdiction over the petition, because it seeks non-monetary relief, which is not authorized by the FTCA. *See Talbert v. United States*, 932 F.2d 1064, 1066 (4th Cir. 1991).

6